Jay Cohen (JC-0276)
Stephen J. Shimshak (SS-8822)
Andrew G. Gordon (AG-9239)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Attorneys for Grupo Iusacell Celular, S.A. de C.V.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GRUPO IUSACELL CELULAR, S.A. de C.V.<br><br>     Debtor. | Involuntary Chapter 11<br><br><br>Case No. 06-11599 (BRL) |
| TCW GEM V, LIMITED, *et al.*,<br><br>     Plaintiffs,<br><br>-against-<br><br>GRUPO IUSACELL CELULAR, S.A. DE C.V., *et al.*,<br><br>     Defendants. | Adversary Proceeding<br>Case No. 06-01689 (BRL) |

## NOTICE OF IUSACELL'S MOTION TO APPROVE STIPULATIONS AND PROPOSED ORDERS OF DISMISSAL

**PLEASE TAKE NOTICE,** that on October 26, 2006, Grupo Iusacell

Celular, S.A. de C.V. ("Iusacell"), by limited and special appearance of its undersigned

attorneys, filed Iusacell's Motion to Approve Stipulations and Proposed Orders of

Dismissal pursuant to sections 105(a) and 303(j) of the Bankruptcy Code, and Bankruptcy Rules 1017 and 2002, a copy of which is attached hereto, and pursuant to the relief granted in the Order to Show Cause.

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall be made in writing, shall state with particularity the grounds therefor and shall be filed with the Court, with a courtesy copy delivered to the Chambers of the Honorable Burton R. Lifland, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10014, and served on (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) counsel to Iusacell, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, attention: Jay Cohen, Esq., Stephen J. Shimshak, Esq., and Andrew Gordon, Esq.; (iii) counsel to the Petitioners and the Gramercy Noteholders, Manatt, Phelps & Phillips, LLP, 7 Times Square, New York, New York 10036, attention: Alan M. Feld, Esq.; (iv) counsel to Marathon, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017-3954, attention: Mark G. Cunha, Esq.; and (v) counsel to TCW Noteholders, Munger, Tolles & Olson, LLP, 355 South Grand Avenue, Suite 3500, Los Angeles, CA 90071, attention: Mark Shinderman, so as to be received by all such parties **no later than 4:00 p.m. (Prevailing Eastern Time) on November 13, 2006**. Only those responses timely filed and served will be considered by the Court at the Hearing.

PLEASE TAKE FURTHER NOTICE that if an objection to the relief requested in the Motion is timely filed and served, then a hearing will be held before the

Honorable Burton R. Lifland, United States Bankruptcy Judge, in courtroom 623, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10014 on **November 16, 2006 at 10:00 a.m. (Prevailing Eastern Time)**, or at such other date and time as may be fixed by the Court.

**PLEASE TAKE FURTHER NOTICE**, that if you fail to respond in accordance with this Notice, the Court may grant the relief demanded in the Motion without further notice or hearing.

Dated: October 26, 2006
New York, New York

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:  /s/ Stephen J. Shimshak
Jay Cohen (JC-0276)
Stephen J. Shimshak (SS-8822)
Andrew G. Gordon (AG-9239)

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Jay Cohen (JC-0276)
Stephen J. Shimshak (SS-8822)
Andrew G. Gordon (AG-9239)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Attorneys for Grupo Iusacell Celular, S.A. de C.V.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>GRUPO IUSACELL CELULAR, S.A. de C.V.<br><br>        Debtor. | Involuntary Chapter 11<br><br><br>Case No. 06-11599 (BRL) |
| TCW GEM V, LIMITED, *et al.*,<br><br>        Plaintiffs,<br><br><br>        -against-<br><br>GRUPO IUSACELL CELULAR, S.A. DE C.V., *et al.*,<br><br>        Defendants. | Adversary Proceeding<br>Case No. 06-01689 (BRL) |

## IUSACELL'S MOTION TO APPROVE
## STIPULATIONS AND PROPOSED ORDERS OF DISMISSAL

Grupo Iusacell Celular, S.A. de C.V. ("Iusacell"), by limited and special

appearance of its undersigned attorneys, hereby moves, pursuant to sections 105(a) and

303(j) of the Bankruptcy Code, and Bankruptcy Rules 1017 and 2002 for approval of the

Stipulation and Proposed Order of Dismissal of Involuntary Petition with Prejudice dated

October 24, 2006 [Docket No. 36], and the Stipulation and Proposed Order of Dismissal

of the Adversary Proceeding with Prejudice dated October 24, 2006 [Adv. Proc. Docket No. 22] (collectively, the "Stipulations"), and respectfully represents as follows:

## BACKGROUND AND JURISDICTION

1.     On or about July 14, 2004, Plaintiffs Gramercy Emerging Markets Fund and Agave Telecom Holdings LLC (collectively, "Noteholders"), Plaintiffs TCW GEM V, Limited, TCW GEM Ligos I Limited, TCW GEM Ligos II Limited, TCW GEM Capital & Income (Cayman), LP, TCW GEM II, Limited, TCW GEM III, Limited, TCW Galileo Funds, Inc. filed a complaint in the Supreme Court of the State of New York, County of New York, against Iusacell and Marathon, entitled *TCW Gem V Limited et al. v. Grupo Iusacell Celular, S.A. de C.V. et al.*, New York County Index No. 600091/04, Fried, J ("State Court Action").

2.     On July 14, 2006, Gramercy Emerging Markets Fund, PALLMALL LLC and KAPALI LLC (collectively, "Petitioners") filed an involuntary petition for relief under Chapter 11 of the Bankruptcy Code against Iusacell (the "Involuntary Petition").

3.     On July 19, 2006, the Gramercy Noteholders filed papers to remove the State Court Action to this Court. On August 11, 2006, the clerk of the United States District Court for the Southern District of New York entered an Order assigning the removed State Court Action adversary proceeding number case 06-01689.

4.     On August 15, 2006, Iusacell filed a Motion to Dismiss the Involuntary Petition for Insufficiency of Process (the "Service Motion"). On September 26, 2006, Petitioners filed an opposition to the Service Motion.

5.     On October 11, 2006, after notice and a hearing in connection with the Service Motion, the Court found that Petitioners had not effected service of the Involuntary Petition on Iusacell, and ruled that service of the Involuntary Petition must proceed pursuant to the Hague Convention.  The Court further stayed all other proceedings in the case until the entry of an order for relief, should Petitioners sustain the Involuntary Petition.  To date, Petitioners have not served Iusacell.

6.     After the Court's ruling on October 11, 2006, Petitioners advised Iusacell that on or about October 19, 2006, they assigned their respective claims against and any interests in Iusacell to a third party.  As a result of this reported transaction, Petitioners have advised Iusacell that they no longer have any claims against or interests in Iusacell, and Petitioners now seek to dismiss the Involuntary Petition.  In addition, the Noteholders now seek to dismiss the State Court Action.  Iusacell has agreed with Petitioners to dismiss the Involuntary Petition, and agreed with the Noteholders to dismiss the State Court Action by means of the Stipulations (attached hereto as Exhibit A, and B respectively.)

7.     This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §157 (b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Sections 105(a) and 303(j) of the Bankruptcy Code provide the basis for relief.

## **RELIEF REQUESTED**

8.     By this motion (the "Motion"), Iusacell seeks an order approving entry of the Stipulations dismissing the Involuntary Petition on the consent of Petitioners and Iusacell, and the State Court Action on the consent of all parties to that proceeding.

9.      Dismissal now will avoid costs and burdens to all parties affected by the Involuntary Petition and the Adversary Proceeding. Dismissal of the Involuntary Petition and Adversary Proceeding will also avoid any further use of this Court's resources in connection with the Involuntary Petition or the motions filed in the State Court Action.

## **APPLICABLE AUTHORITY**

10.      Section 303(j)(2) of the Bankruptcy Code grants a court authority to dismiss an involuntary petition on consent of all petitioners and the debtor after notice to all creditors and a hearing. By the Stipulations, all of Petitioners and Iusacell, and the other parties in interest have consented to dismissal of the Involuntary Petition and the State Court Action, as the case may be.

11.      Moreover, pursuant to section 105(a) of the Bankruptcy Code, "[t]he bankruptcy court may issue an order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Entry of the Stipulations fulfills this statutory purpose as well.

12.      In consenting to the dismissal, all of the parties have agreed that the respective rights and remedies of Iusacell, the Petitioners and the Gramercy Noteholders with respect to each other are reserved.

13.      Shortly before the filing of this Motion, Iusacell obtained an Order to Show Cause from this Court limiting notice of this Motion pursuant to sections 102(1)(A), 105(a) and 303(j) of the Bankruptcy Code, and Bankruptcy Rules 1017 and 2002 to the following: (i) the Office of the United States Trustee; (ii) counsel for

Petitioners; (iii) counsel for Noteholders; (iv) counsel for Marathon; and (v) all parties that have filed a notice of appearance in this case.

14.     This Motion includes citations and discussion of the applicable authorities.  Because this Motion does not present novel issues of law, Iusacell requests that this Court waive the requirement pursuant to Local Rule 9013-1(b) that Iusacell submit a separate memorandum of law.

15.     Iusacell has not sought previously the relief requested in the Motion.

## CONCLUSION

WHEREFORE Iusacell requests that this Court grant the relief requested by the Motion and such other and further relief as this Court deems just and appropriate.

Dated: October 26, 2006
        New York, New York

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:     /s/ Stephen J. Shimshak
        Jay Cohen (JC-0276)
        Stephen J. Shimshak (SS-8822)
        Andrew G. Gordon (AG-9239)

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

# <u>EXHIBIT A</u>

**MANATT, PHELPS & PHILLIPS, LLP**
7 Times Square
New York, New York 10036
Telephone: (212) 790-4500
Ronald G. Blum (RB-5277)
Alan M. Feld (AF-1154)

Attorneys for Petitioning Creditors GRAMERCY EMERGING MARKETS FUND,
PALLMALL LLC and KAPALI LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 06-11599 (BRL) |
| GRUPO IUSACELL CELULAR, S.A. de C.V., *et al.*, | |
| Debtor. | |

### STIPULATION AND PROPOSED ORDER OF DISMISSAL
### OF INVOLUNTARY PETITION WITH PREJUDICE

This Stipulation (the "Stipulation") is made by and between the Petitioning

creditors Gramercy Emerging Markets Fund, PALLMALL LLC and KAPALI LLC (collectively,

"Petitioners") and the Debtor Grupo Iusacell Celular, S.A. de C.V. ("Iusacell"), through their

respective counsel.

### Recitals

A.      On or about July 14, 2006, Petitioners filed an involuntary petition for

relief under Chapter 11 of the Bankruptcy Code against Iusacell (the "Involuntary Petition").

B.      On or about August 15, 2006, Iusacell filed a Motion to Dismiss the

Involuntary Petition for Insufficiency of Process (the "Motion"). On or about September 26,

2006, Petitioners filed an Opposition to the Motion.

C.       On October 11, 2006, the Court ruled that service of the Involuntary Petition must proceed pursuant to the Hague Convention and that all other proceedings in the case would be stayed until the entry of relief, should Petitioners sustain the Involuntary Petition.

D.       Petitioners have advised Iusacell of a transaction, which it represents and warrants occurred on or about October 19, 2006, pursuant to which all of the claims held by each of the Petitioners against Iusacell were assigned to a third party. Petitioners represent and warrant to Iusacell that as a result, the Petitioners no longer have any claims against or interests in Iusacell.

E.       The attorney for the Petitioners by his signature below represents and warrants to the Court and to Iusacell that he has the authority to bind the Petitioners to this Stipulation.

F.       The attorney for Iusacell represents and warrants to the Court and Petitioners that he has the authority to bind Iusacell to this Stipulation.

G.       On the terms set forth herein, the Petitioners and Iusacell consent to the dismissal of the Involuntary Petition, with prejudice.

## STIPULATION

**IT IS HEREBY STIPULATED AND AGREED**, by and among the undersigned counsel for the Petitioners and Iusacell that:

1.       The recitals are incorporated into this Stipulation and made part of this Agreement.

2.       The Involuntary Petition shall be dismissed with prejudice pursuant to Bankruptcy Code §303(j).

3.       The dismissal of the Involuntary Petition on the terms set forth herein is

without prejudice to any of the other rights and remedies of the Petitioners and Iusacell.

      4.      This Court shall continue to exercise its jurisdiction over all remaining matters under the Bankruptcy Code, the Bankruptcy Rules, and other applicable law following dismissal of the Involuntary Petition under section 303(j).

5.    In executing this Stipulation, Iusacell makes a limited appearance solely
for the purposes of disposing of this matter on the terms set forth herein.

Dated:   New York, New York          MANATT, PHELPS & PHILLIPS, LLP
         October 23, 2006

By: _____
    Ronald G. Blum (RB-5277)
    Alan M. Feld (AF-1154)
    Kathrin A. Wanner (KW-6510)
    7 Times Square
    New York, NY 10036
    (212) 790-4500
    Attorneys for Petitioners GRAMERCY
    EMERGING MARKETS FUND,
    PALLMALL LLC and KAPALI LLC

Dated:   New York, New York          PAUL, WEISS, RIFKIND, WHARTON &
         October 23, 2006             GARRISON, LLP

By: _____
    Jay Cohen (JC-0276)
    Stephen J. Shimshak (SS-8822)
    Andrew G. Gordon (AG-9239)
    1285 Avenue of the Americas
    New York, NY 10019-6064
    (212) 373-3000
    Attorneys for Debtor GRUPO IUSACELL
    CELULAR, S.A. DE C.V.

**IT IS SO ORDERED.**

Dated:                               _____
                                     The Honorable Burton R. Lifland
                                     United States Bankruptcy Judge

-4-

41050807.2

# EXHIBIT B

**MANATT, PHELPS & PHILLIPS, LLP**
7 Times Square
New York, New York 10036
Telephone: (212) 790-4500
Ronald G. Blum (RB-5277)
Alan M. Feld (AF-1154)
Kathrin A. Wanner (KW-6510)

Attorneys for Plaintiffs GRAMERCY EMERGING MARKETS FUND
and AGAVE TELECOM HOLDINGS LLC and Petitioners GRAMERCY EMERGING
MARKETS FUND, PALLMALL LLC AND KAPALI LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GRUPO IUSACELL CELULAR, S.A. de C.V., *et al.*,<br><br>        Debtor. | Chapter 11<br>Case No. 06-11599 (BRL)<br><br><br>Adversary Proceeding<br>Case No. 06-01689 (BRL) |
| TCW GEM V, LIMITED, TCW GEM LIGOS I LIMITED, GEM LIGOS II LIMITED, TCW GEM CAPITAL & INCOME (CAYMAN), LP, TCW GEM II, LIMITED, TCW GEM III, LIMITED, TCW GALILEO FUNDS, INC., GRAMERCY EMERGING MARKETS FUND, AND AGAVE TELECOM HOLDINGS LLC,<br><br>        Plaintiffs,<br><br>        -against-<br><br>GRUPO IUSACELL CELULAR, S.A. DE C.V., SOS TELECOMUNICACIONES, S.A. DE C.V., COMUNICACIONES CELULARES DE OCCIDENTE, S.A. DE C.V., SISTEMAS TELEFÓNICOS PORTÁTILES CELULARES, S.A. DE C.V., TELECOMUNICACIONES DEL GOLFO, S.A. DE C.V., IUSACELL, S.A. DE C.V., PORTATEL DEL SURESTE, S.A. DE C.V., MEXICAN CELLULAR INVESTMENT, INC., GMD COMUNICACIONES, S.A. DE C.V., HERMES TELECOMUNICACIONES, S.A. DE | |

C.V., PORTATEL COMERCIALIZADORA, S.A. DE C.V., PORTATEL BIENES RAÍCES, S.A. DE C.V., PORTATEL SERVICIOS, S.A. DE C.V., PORTATEL CORPORATIVA, S.A. DE C.V., CELLULAR SOLUTIONS DE MÉXICO, S.A. DE C.V., SISTECEL, S.A. DE C.V., INMOBILIARIA MONTES URALES 460, S.A. DE C.V., IUSANET, S.A. DE C.V., GRUPO PORTATEL, S.A. DE C.V., MARATHON ASSET MANAGEMENT, LLC, MARATHON SPECIAL OPPORTUNITY FUND, LP, MARATHON FUND, LP, AND DOES 1-50,

Defendants.

## STIPULATION AND PROPOSED ORDER
## OF DISMISSAL OF THE ADVERSARY PROCEEDING WITH PREJUDICE

This Stipulation (the "Stipulation") is made by and among Plaintiffs Gramercy Emerging Markets Fund and Agave Telecom Holdings LLC (collectively, "Gramercy Noteholders"), Plaintiffs TCW GEM V, Limited, TCW GEM Ligos I Limited, TCW GEM Ligos II Limited, TCW GEM Capital & Income (Cayman), LP, TCW GEM II, Limited, TCW GEM III, Limited, TCW Galileo Funds, Inc. (collectively, "TCW Noteholders", together with the Gramercy Noteholders, the "Noteholders"), Defendants Marathon Asset Management, LLC, Marathon Special Opportunity Fund, LP and Marathon Fund, LP (collectively, "Marathon"), and all other Defendants named above, Grupo Iusacell Celular, S.A. de C.V., *et al.* (collectively, "Iusacell"), through their respective counsel.

## RECITAL

A.     On or about July 14, 2004, Noteholders filed a complaint in the Supreme Court of the State of New York, County of New York, against Iusacell and Marathon, entitled *TCW Gem V Limited et al. v. Grupo Iusacell Celular, S.A. de C.V. et al.*, New York County Index No. 600091/04, Fried, J ("State Court Action").

B.     On or about July 14, 2006, Petitioning creditors Gramercy Emerging Markets Fund, PALLMALL LLC and KAPALI LLC (collectively, "Petitioners") filed an involuntary petition for relief under Chapter 11 of the Bankruptcy Code against Iusacell ("Involuntary Petition").

C.     On July 19, 2006, the Gramercy Noteholders removed the State Court Action to the United States District Court for the Southern District of New York (the "District Court"). On August 11, 2006, the District Court entered an Order transferring the State Court Action to this Court and assigning the State Court Action adversary proceeding number 06-01689 (the "Adversary Proceeding").

D. On or about August 15, 2006, Marathon filed a Motion for Abstention or Remand Pursuant to 28 U.S.C. §§1334 and 1452 (the "Motion"). On or about September 26, 2006, the Gramercy Noteholders filed an Opposition to the Motion.

E. On October 11, 2006, the Court ruled that service of the Involuntary Petition must proceed pursuant to the Hague Convention and that all other proceedings in the case, including the Adversary Proceeding, would be stayed until entry of relief, should Petitioners sustain the Involuntary Petition.

F. Petitioners have advised Iusacell of a transaction, which it represents and warrants occurred on or about October 19, 2006, pursuant to which all of the claims held by each of the Petitioners against Iusacell were assigned to a third party. Petitioners represent and warrant to Iusacell that as a result, the Petitioners no longer have any claims against or interests in Iusacell.

G. The attorneys for each of the Noteholders and the Petitioners by their signature below represent and warrant to the Court and to the other signatories to this Stipulation that they have authority to bind the Noteholders and the Petitioners to this Stipulation.

H. The attorney for Marathon by his signature below represents and warrants to the Court and to the other signatories to this Stipulation that he has authority to bind Marathon to this Stipulation.

I. The attorney for Iusacell by his signature below represents and warrants to the Court and to the other signatories to this Stipulation that he has authority to bind Iusacell to this Stipulation.

J. On the terms set forth herein, the signatories to this Stipulation consent to the dismissal of the Adversary Proceeding with prejudice.

## STIPULATION

**IT IS HEREBY STIPULATED AND AGREED**, by and among the undersigned counsel for the signatories to this Stipulation, that:

1. The recitals are incorporated into this Stipulation and made part of this agreement.

2. The Adversary Proceeding shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1), made applicable hereto by Federal Rule of Bankruptcy Procedure 7041.

3. The dismissal of the Adversary Proceeding on the terms set forth herein is without prejudice to any of the other respective rights and remedies of Iusacell, the Petitioners and the Gramercy Noteholders with respect to each other.

4. This Court shall continue to exercise its jurisdiction over all remaining matters permitted under the Bankruptcy Code, the Bankruptcy Rules, and other applicable law following dismissal of the Adversary Proceeding.

5.    In executing this Stipulation, Iusacell makes a limited appearance solely for the purpose of disposing of this matter on the terms set forth herein.

Dated:  Los Angeles, California
        October 24, 2006

MUNGER, TOLLES & OLSON, LLP

By: _Marilee Drener for_
     Mark Shinderman
     355 South Grand Avenue, Suite 3500
     Los Angeles,CA  90071
     (213) 683-9201
     Attorneys for Plaintiffs TCW GEM V,
     LIMITED, TCW GEM LIGOS I LIMITED,
     GEM LIGOS II LIMITED, TCW GEM
     CAPITAL & INCOME (CAYMAN), LP,
     TCW GEM II, LIMITED, TCW GEM III,
     LIMITED, TCW GALILEO FUNDS, INC.

Dated:   New York, New York
         October 2?, 2006

MANATT, PHELPS & PHILLIPS, LLP


By:   _____
      Ronald G. Blum (RB-5277)
      Alan M. Feld (AF-1154)
      Kathrin A. Wanner (KW-6510)
      7 Times Square
      New York, NY  10036
      (212) 790-4500
      Attorneys for Plaintiffs GRAMERCY
      EMERGING MARKETS FUND and
      AGAVE TELECOM HOLDINGS LLC and
      Petitioners GRAMERCY EMERGING
      MARKETS FUND, PALLMALL LLC and
      KAPALI LLC


Dated:   New York, New York
         October 2?, 2006

SIMPSON THACHER & BARTLETT LLP


By:   _____
      Mark G. Cunha (MC-1189)
      Kathrine A. McLendon (KM-9875)
      Robert H. Trust (RT-6660)
      425 Lexington Avenue
      New York, NY  10017-3954
      (212) 455-2000
      Attorneys for Defendants MARATHON
      ASSET MANAGEMENT, LLC,
      MARATHON SPECIAL OPPORTUNITY
      FUND, LP AND MARATHON FUND, LP

Dated:  New York, New York
        October 23, 2006

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By: _____

Jay Cohen (JC-0276)
Stephen J. Shimshak (SS-8822)
Andrew G. Gordon (AG-9239)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
Attorneys for Defendants GRUPO
IUSACELL CELULAR, S.A. DE C.V., *et
al.*


**IT IS SO ORDERED**.

Dated:

_____
The Honorable Burton R. Lifland
United States Bankruptcy Judge

41050835.2